## RESERVE LIFE INS. CO. v. SIMPSON.

### No. 13273.

United States Court of Appeals
Ninth Circuit.

July 17, 1953.

Rehearing Denied Aug. 25, 1953.

Alfred T. Sulmonetti and Harvey Karlin, Portland, Or., for appellant.

David Sandeberg and Rodney W. Banks, Portland, Or., for appellee.

Before MATHEWS, HEALY and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On March 24, 1949, appellee, C. H. Simpson, a citizen of Oregon, brought an action against appellant, Reserve Life Insurance Company, a Texas corporation, in the United States District Court for the District of Oregon. In and by that action, appellee sought to recover of appellant $33,400 and costs. Appellant answered, jury trial was waived, there was a trial without a jury, findings of fact and conclusions of law were stated, and on September 8, 1951, a judgment was entered for appellee for $8,500 and costs. This appeal is from that judgment.

The District Court found the facts to be as follows: Prior to February 4, 1949, appellee was employed by appellant in Oregon. On or about February 4, 1949, appellee resigned from appellant's employment and secured employment in Oregon with Inter-Ocean Insurance Company. Thereafter, in February, 1949, appellant, through its agents, spoke and published, in the hearing of sundry and divers persons, slanderous words of and concerning appellee, stating that appellee was "irresponsible," "crooked," "guilty of defalcations in his accounts," "a trouble maker" and "a crook;" that appellee "stole all the company records," "had stolen company property and funds," "had misappropriated company money" and "had taken all the office furniture;" and that appellant "would see him in jail," "would put him in jail" and "would see him behind bars." The slanderous words were spoken and published by appellant, not in good faith or with an honest belief in their truth, but with express malice. Appellant had no duty to speak or publish them. As a natural and probable result and consequence of appellant's speaking and publishing the slanderous words, the persons in whose hearing they were spoken and published by appellant repeated them to other persons. By reason of such speaking, publication and repetition of the slanderous words, appellee was discharged by Inter-Ocean Insurance Company in February, 1949, and was handicapped in obtaining other employment, so that his earnings from February, 1949, to May, 1951, were $3,500 less than they would have been if the slanderous words had not been spoken or published. Thus appellee was specially damaged in the sum of $3,500. In addition, he was generally damaged in the sum of $5,000.

■ All the findings were supported by substantial evidence. None of them was clearly erroneous. We therefore accept them all as correct. See Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A.

■ Appellant contends that the slanderous words were qualifiedly privileged. However, as indicated above, the District Court found that the slanderous words were spoken and published by appellant, not in good faith, or with an honest belief in their truth, but with express malice, and that appellant had no duty to speak or publish them; and, as indicated above, we accept these findings as correct. We therefore reject the contention that the slanderous words were qualifiedly privileged. Cf. Ivie v. Minton, 75 Or. 483, 147 P. 395; Mount v. Welsh, 118 Or. 568, 247 P. 815; Peck v. Coos Bay Times Publishing Co., 122 Or. 408, 259 P. 307; Kilgore v. Koen, 133 Or. 1, 288 P. 192; Israel v. Portland News Publishing Co., 152 Or. 225, 53 P.2d 529, 103 A.L.R. 470; 53 C.J.S., Libel and Slander, §§ 89–101, 107, 109.

On the facts found, the District Court correctly concluded that appellee was entitled to recover of appellant $8,500 and costs.

Judgment affirmed.